UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

TYNETTA EDWARDS, individually, and on
behalf of all others similarly situated,

      Plaintiff,

      vs.

AVIS BUDGET CAR RENTAL, LLC,

      Defendant.

Docket No.: 2:25-cv-17432

AMENDED COMPLAINT – CLASS
ACTION

JURY TRIAL DEMANDED

**AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY
DEMAND**

Plaintiff Tynetta Edwards, individually and on behalf of all others similarly situated, by

and through her attorneys Brown, LLC, hereby brings this Amended Collective and Class Action

Complaint against Defendant Avis Budget Car Rental, LLC, and alleges of her own knowledge

and conduct, and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1.      Plaintiff brings this action for herself and all othersother similarly situated hourly-

paid, non-exempt, incentive-eligible employees to recover unpaid overtime wages, liquidated

damages, and reasonable attorneys' fees and costs as a resultarising out of Defendant's willful

violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and attendant

regulations at 29 C.F.R. § 516, *et seq.*

2.      Plaintiff also brings this action for herself and on behalf of all other similarly

situated hourly-paid, non-exempt, incentive-eligible employees to recover unpaid overtime wages,

liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a

1

~~result~~arising out of Defendant's willful violation of the Virginia Overtime Wage Act ("VOWA"), Va. Code Ann. § 40.1-29.2.

3.      During the period commencing from three years before the filing of this action through the time of judgment ("Relevant Period"), Plaintiff and other similarly situated ~~employees are employed by~~individuals provided services for Defendant as hourly-paid, non-exempt, incentive-eligible employees ~~and were regularly scheduled to work~~.

4.      During the Relevant Period, Plaintiff and other similarly situated employees often worked more than forty (40) hours ~~per week.~~ in a workweek on behalf of Defendant.

5.      In addition to earning their base hourly ~~wage~~wages, Plaintiff and other similarly situated employees ~~routinely~~ received annual, nondiscretionary ~~forms of compensation, including but not limited to~~ Short-Term Incentive Plan ("STIP") bonus compensation for work performed on behalf of the Defendant during the previous calendar year.

~~3.~~      Plaintiff and other similarly situated employees receive these STIP bonuses~~.~~

6.      ~~These~~ as incentive payments ~~are based on~~ for work performed in calendar years where objective~~, performance-related criteria and~~ and quantifiable metrics, such as company-wide financial benchmarks, were met. STIP bonuses are paid annually ~~in connection with the company's financial results and employees' work performance.~~to qualifying employees in amounts calculated according to a predefined formula.

7.      Under Defendant's incentive-driven compensation scheme, STIP bonuses are awarded as a matter of course to those who qualify for them in the precise amounts determined by the predefined formula. As such, ~~they are~~for purposes of the FLSA and the VOWA, STIP bonuses are deemed nondiscretionary compensation~~ that~~.

8. Under the FLSA and the VOWA, nondiscretionary compensation must be included in the "regular rate of pay" ~~when~~ used to determine overtime compensation, which is calculated by multiplying the regular rate of pay by 1.5 for hours worked beyond forty (40) in a workweek.

~~4.~~ Thus, Defendant is legally obligated to include STIP bonus compensation received by Plaintiff and other similarly situated employees in determining the regular rate of pay to be used in calculating overtime compensation~~, pursuant to FLSA and VOWA.~~

9. ~~Despite the clear legal obligation to include such compensation in the regular rate, Defendant calculated overtime compensation~~ for these employees.

~~5.~~10. Nevertheless, Defendant improperly calculated overtime compensation for Plaintiff and other similarly situated employees based solely on their base hourly wage~~, without making any upward adjustment for these additional payments and thus excluding these payments from~~ rates. It failed to include the STIP bonus compensation earned by these employees when assessing their regular rate of pay ~~when calculating~~for overtime~~.~~ compensation calculation purposes.

11. As a direct and proximate result of Defendant's failure, Plaintiff and other similarly situated employees consistently and regularly received lower overtime compensation than they were entitled to under the FLSA and the VOWA.

~~6.~~12. This failure to include ~~nondiscretionary bonuses and incentives~~STIP bonus compensation in the regular rate of pay was not limited to Plaintiff. It was part of a uniform compensation policy and practice applied across ~~Avis Budget's~~ Defendant's operations throughout the United States, including in Defendant's corporate buildings ~~throughout the United States and specifically~~ in Virginia.

~~7.~~13. Plaintiff asserts the FLSA claims individually and on behalf of a putative "FLSA Collective" defined as:

3

*All hourly-paid, non-exempt, incentive-eligible employees of Defendant in the United States ~~or in any other place covered by the FLSA~~who received STIP bonuses as compensation at any time from three (3) years prior to the filing of this ~~Complaint~~action through the date of judgment for periods during which they performed over forty (40) hours of work in one or more workweeks.*

~~8.~~14.    Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all ~~hourly-paid, non-exempt, incentive-eligible~~similarly situated employees ~~of Defendant~~ informing them of their rights to assert FLSA claims in this collective action by filing consent forms.

~~9.~~15.    Plaintiff asserts the VOWA claims individually and pursuant to Fed. R. Civ. P. 23 on behalf of a putative "Rule 23 ~~Virginia~~ Class" defined as:

*All hourly-paid, non-exempt, incentive-eligible employees of Defendant in the Commonwealth of Virginia who received STIP bonuses as compensation at any time from three (3) years prior to the filing of this ~~Complaint~~action through the date of judgment for periods during which they performed over forty (40) hours of work in one or more workweeks.*

~~10.~~16. In the manner described herein, Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, ~~in the manner described herein~~.

## JURISDICTION AND VENUE

~~11.~~17.    ~~This~~Pursuant to 28 U.S.C. § 1331, this Court has subject-matter jurisdiction over Plaintiff's ~~FLSA~~federal claims ~~pursuant to 28 U.S.C. § 1331 because Plaintiff's~~under the FLSA, as those claims raise a federal question under 29 U.S.C. § 201, et seq.

~~12.~~18.    ~~This~~Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiff's state law claims ~~pursuant to 28 U.S.C. §1367 because~~under the VOWA, as those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

~~13.~~19.    The Court has general personal jurisdiction over Defendant because it is domiciled in New Jersey.

4

14.20.  ~~Venue is proper in this district pursuant~~Pursuant to 28 U.S.C. § 1391(b~~)~~)(1) and (c~~)~~ )(2), venue is proper in this district because Defendant resides in this district.

## PARTIES

15.21.  Plaintiff Tynetta Edwards ~~("Edwards")~~ is a resident of Chesapeake, Virginia.

16.22.  ~~Edwards has been employed by Defendant since~~Between approximately June 16, 2022, ~~working~~and January 22, 2026[1], Plaintiff worked as an hourly-paid, non-exempt, incentive-eligible Fleet Service Clerk at Defendant's corporate building in Virginia Beach, Virginia.

17.23.  ~~Edwards'~~Plaintiff's written consent to become an FLSA party plaintiff ~~is attached hereto~~was filed as Exhibit 1 to the original complaint and is incorporated herein.

18.24.  Defendant is a Delaware corporation with a principal office address located at 6 Sylvan Way, Parsippany, New Jersey 07054.

19.25.  Defendant has a registered agent, Corporation Service Company, located at 100 Shockoe Slip Fl 2, Richmond, Virginia 23219.

## FACTUAL ALLEGATIONS[2]

20.26.  Defendant Avis Budget operates a chain of rental car stores and distribution centers throughout the United States.

21.27.  Defendant is an enterprise engaged in commerce as defined under the FLSA.

22.28.  Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

---

[1] On January 22, 2026, Defendant terminated Plaintiff's employment.

[2] Unless otherwise specifically noted here, the following factual allegations ~~all~~ apply through the ~~time periods covered by the FLSA Collective and the Rule 23 Class~~Relevant Period.

23.29. Defendant is an enterprise that has two (2) or more employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

24.30. Defendant is the "employer" of hourly-paid, non-exempt, incentive-eligible employees within the meaning of the FLSA and VOWA.

25.31. Hourly-paid, non-exempt, incentive-eligible employees are "employees" of Defendant within the meaning of the FLSA and VOWA.

26.32. Defendant employs a large number ofmany hourly-paid, incentive-eligible employees in non-exempt positions, including but not limited to Fleet Service Clerks, and those who work in Accounting, Accounts Payable, and Accounts Receivable.

27.33. Defendant suffers and permits these hourly-paid, non-exempt, incentive-eligible employees to work more than forty (40) hours per week on a regular basis.

34. For example, during the pay period beginning March 30, 2024, and ending April 12, 2024, Plaintiff worked more than forty (40) hours in at least one workweek while employed by Defendant.

35. Plaintiff's base hourly rate during this period was $17.26, and the overtime hours were paid at a rate of $25.88 per hour, which is approximately 1.5 times her base hourly rate. During this pay period, Plaintiff worked 1.36 overtime hours and was paid overtime at $25.88 per hour.

28.36. These employees are compensated at an hourly rate and receive additional incentive-based compensation that Defendant characterizes as a performance bonus, including

6

~~Short-Term Incentive Plan ("STIP") bonuses (identified on Plaintiff's paystubs as "Annual Bonus").~~STIP bonuses.

~~29.    Defendant pays its hourly-paid, non-exempt, incentive-eligible employees at least one form of nondiscretionary compensation in addition to their hourly wages, specifically Short-Term Incentive Plan ("STIP") bonuses (identified on Plaintiff's paystubs as "Annual Bonus").~~

~~30.~~37.  Defendant communicates the availability and criteria for these bonuses in advance and applies them according to established internal performance programs.

~~31.    These additional forms of compensation are not discretionary within the meaning of the FLSA or VOWA.~~

38.    Employees receive these STIP bonuses as incentive payments for work performed in calendar years where objective and quantifiable metrics, such as company-wide financial benchmarks, were met.

39.    STIP bonuses are paid annually to qualifying employees in amounts calculated according to a predefined formula.

~~32.~~40.  Hourly-paid, non-exempt, incentive-eligible employees expect to receive these bonuses based on defined performance metrics, and Defendant pays them with regularity in connection with its compensation policy.

41.    For instance, around or about March 1, 2025, Defendant provided Plaintiff with two STIP bonus payments totaling $312.91 for her work performed on behalf of Defendant during the period of January 1, 2024 – December 31, 2024.  These payments were each marked as an "annual bonus" on her paystub.

42.    Similarly, around or about March 7, 2024, Defendant provided Plaintiff with a STIP bonus payment of $1442.69. This payment was marked as an "annual bonus" on her paystub.

43.    STIP bonuses are not discretionary within the meaning of the FLSA or the VOWA.

33.44. Despite regularly working overtime, these employees are paid overtime compensation that Defendant calculates solely by multiplying their base hourly rate by 1.5, without regard to other compensation received such as STIP bonuses.

45.    Defendant fails to include additional compensation to hourly-paid, non-exempt, incentive-eligible employees including Short-Term Incentive Plan ("STIP") bonuses (identified on Plaintiff's paystubs as "Annual Bonus")STIP bonuses as part of the "total remuneration" it uses to calculate their regular and overtime rates, respectively.

46.    Despite the STIP bonus payments that Plaintiff received around or about March 1, 2025, Defendant did not include those bonus amounts in Plaintiff's regular rate of pay for purposes of calculating overtime compensation. As a result, Defendant did not pay Plaintiff any additional overtime premium that was calculated through inclusion of the $312.91 STIP bonuses in her regular rate, as required by the FLSA and the VOWA.

34.47. Similarly, despite the STIP bonus payment that Plaintiff received around or about March 7, 2024, Defendant did not include those bonus amounts in Plaintiff's regular rate of pay for purposes of calculating overtime compensation. As a result, Defendant did not pay Plaintiff any additional overtime premium that was calculated through inclusion of the $1442.69 STIP bonus in her regular rate, as required by the FLSA and the VOWA.

35.48. The FLSA requires overtime to be paid at least 1.5x an employees' "regular rate," which, subject to some exceptions not relevant here, includes "all remuneration for employment paid to, or on behalf of, the employee"." *See* 29 C.F.R. § 778.108. The VOWA incorporates these requirements. *See* Va. Code Ann. § 40.1-29.2.

8

36.49.  Defendant violates these requirements by failing to pay hourly-paid, non-exempt, incentive-eligible employees for hours worked ~~in excess of~~beyond forty (40) in a workweek at a rate of or greater than 1.5 times their regular rate of pay.

50.    Under the FLSA and the VOWA, nondiscretionary compensation must be included in the "regular rate of pay" used to determine overtime compensation, which is calculated by multiplying the regular rate of pay by 1.5 for hours worked beyond forty (40) in a workweek.

51.    Defendant is aware of, and/or recklessly disregards, the possibility that the rate it pays hourly-paid, non-exempt, incentive-eligible employees for hours worked beyond forty (40) in a workweek is less than 1.5 times their regular rate of pay.

37.    ~~Defendant is aware of, and/or recklessly disregards the possibility that the rate it pays hourly-paid, non-exempt, incentive-eligible employees for hours worked in excess of forty (40) in a workweek is less than 1.5 times their regular rate of pay.~~

38.52.  ~~Defendant is aware of, and/or recklessly disregards the possibility that the rate it pays hourly-paid, non-exempt, incentive-eligible employees for hours worked in excess of~~beyond forty (40) in a workweek unlawfully fails to incorporate the additional forms of compensation they receive in addition to their base hourly wages.

39.53.  Defendant has willfully violated the FLSA and the VOWA.

40.54.  Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor, or any administrative practice or enforcement policy of such a department or bureau.

## COLLECTIVE ACTION ALLEGATIONS

9

41.55.  Plaintiff repeats and re-alleges and incorporates all precedingprevious paragraphs of the Complaint inclusive, as if fully set forth herein.

42.56.  Plaintiff brings her claim for relief for violation of the FLSA, both individually and as a collective action pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collective, as defined above. 29 U.S.C. § 216(b).

43.57.  With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b).  The collective of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan — namely, Defendant's failure to include nondiscretionary compensation in the regular rate of pay when calculating overtime);; and (c) their claims are based upon the same factual and legal theories.

44.58.  The employment relationships between Defendant and every FLSA Collective member are the same and differ only by name and rate of pay. The key issues do not vary substantially among the Collective members.

45.59.  Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

## CLASS ACTION ALLEGATIONS

46.60.  Plaintiff brings this action pursuant to Fed R. Civ. P. 23(b)(2) and (b)(3) on her own behalf and on behalf of the Rule 23 Class, as defined above.

10

~~47.~~61.  The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Rule 23 Class members should be easy to identify ~~from~~through Defendant's computer systems ~~and,~~ electronic payroll, and personnel records.

~~48.~~62.  There ~~is a well-defined community of interest among Rule 23 Class members and common~~ are questions of law and fact ~~predominate~~ in ~~this action over any questions affecting individual members of~~common to Rule 23 Class members including but not limited to whether the Defendant violated the VOWA with respect to the Rule 23 Class.~~ ~~ members.

~~49.~~63.  Plaintiff's claims are typical of those of the Rule 23 Class members in that she and all other Rule 23 Class members suffered damages as a direct and proximate result of the Defendant's ~~common and~~ systemic payroll policies and practices.  Plaintiff's claims also arise from the same policies, practices, promises, and course of conduct as all other Rule 23 Class members' claims ~~and their~~.  And Plaintiff's legal theories are based on the same legal theories as all other Rule 23 Class members.

~~50.~~64.  Plaintiff will fully and adequately protect the interests of the Rule 23 Class and she has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Neither Plaintiff nor her counsel has interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

65.    Common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class.

~~51.~~66.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, inter alia, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by ~~their employer.~~Defendant.

11

Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

52.67.  This case will be manageable as a Rule 23 Class action. Plaintiff and her counsel know of no unusual difficulties in this case and Defendant has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

53.68.  Because the elements of Rule 23 are satisfied in this case, class certification is appropriate.

54.69.  Because Defendant acted and/or refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
### (Brought Individually and as a Collective Action Under FLSA 29 U.S.C. § 207(a)(1))
### Violations of the FLSA
### FAILURE TO PAY OVERTIME WAGES AT THE PROPER RATE

55.70.  Plaintiff re-alleges and incorporates all previous paragraphs herein.

56.71.  29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

57.72.  At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, et seq.

58.73.  Defendant is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

59.74.  Defendant is an enterprise ~~that has had~~whose employees ~~engaged~~engage in commerce or in the production of goods for commerce~~, and handling, selling~~.  Its employees also handle, sell, or otherwise ~~working~~work on goods or materials that have been moved in or produced for commerce.

60.75.  Plaintiff and ~~other members of~~ the FLSA Collective members were individually engaged in commerce.

61.76.  At all times relevant to this action, Defendant "suffered or permitted" Plaintiff and ~~other members of~~ the FLSA Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

62.77.  Plaintiff and ~~other members of the~~ FLSA Collective members worked over 40 hours during many workweeks ~~in excess of 40 hours~~ within the ~~last three years~~Relevant Period.

63.78.  Defendant failed to pay Plaintiff and the FLSA Collective members overtime compensation at the correct rate because it did not include ~~non-base~~STIP bonus compensation~~, including Short-Term Incentive Plan ("STIP") bonuses paid~~ received as ~~an Annual Bonus in~~part of their regular rate of pay when calculating the overtime rate.

64.79.  As a result, when Defendant paid an overtime premium for hours worked over forty (40) in a workweek, the premium was underpaid and did not comply with the FLSA's mandate that ~~non-base~~nondiscretionary compensation be included in ~~their~~the regular rate of pay ~~when calculating~~to be used to calculate the overtime rate for hours worked ~~in excess of~~beyond forty (40) ~~hours~~ in a workweek.

65.80.  Defendant knew or should have known that the Plaintiff and ~~other members of~~ the FLSA Collective members were ~~working~~being inadequately compensated for hours ~~in excess of~~worked beyond 40 ~~hours per week, without non-base~~in a workweek, as Defendant did not

include STIP bonus compensation ~~included in~~received when determining their regular rate of pay ~~when~~ for purposes of calculating ~~the~~ overtime ~~rate for hours worked in excess of forty (40) hours in a workweek.~~compensation.

66.81.  Defendant's violations of the FLSA were knowing and willful. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced within three years….").

67.82.  ~~The FLSA, 29 U.S.C. § 216(b), provides that as~~As a remedy for a violation of the ~~Act~~FLSA, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), ~~plus~~along with costs and reasonable attorneys' fees. 29 U.S.C. § 216(b).

**COUNT II**
**(Individual and Fed R. Civ. P. 23 Class Action Claims)**
**<u>Violation of the VOWA</u>**
**<u>FAILURE TO PAY OVERTIME WAGES AT THE PROPER RATE</u>**

68.83.  Plaintiff re-alleges and incorporates all previous paragraphs herein.

69.84.  The VOWA provides: "[a]ny employer that violates the overtime pay requirements of the federal Fair Labor Standards Act … shall be liable to the employee for the applicable remedies, damages, or other relief available under the Federal Fair Labor Standards Act in an action brought pursuant to the procedures in subsection J of § 40.1-29."

70.85.  Plaintiff and the Rule 23 class members frequently worked over forty (40) hours ~~a week for Defendant in many workweeks~~.

71.  ~~As a result~~In violation of the ~~policies and violations alleged herein~~VOWA, Defendant ~~failed to pay Plaintiff and the Rule 23 class members at the correct rate because it~~ did not include ~~non-base~~STIP bonus compensation~~, including Short-Term Incentive Plan ("STIP") bonuses paid as an Annual Bonus~~ received by Plaintiff and Rule 23 Class members in determining

14

their regular rate of pay ~~when~~for calculating ~~the~~ overtime ~~rate for hours worked in excess of forty (40) hours in a workweek.~~

~~72.~~86.   As a result of the ~~policies and violations alleged here in, Defendant failed to include non-base~~ compensation ~~in Plaintiff and the Rule 23 class members regular rate of pay when calculating the overtime rate for hours worked in excess of forty (40) hours in a workweek~~owed to them.

87.     As a result of Defendant's policies and violations, as described herein, Defendant failed to pay Plaintiff and Rule 23 Class members overtime compensation at the correct rate.

~~73.~~88.   Defendant's conduct and practices, as described herein, were willful, intentional, unreasonable, arbitrary, and performed in bad faith.

~~74.~~89.   As a result of Defendant's uniform ~~and common~~ policies and practices described above, Plaintiff and ~~the~~ Rule 23 class members were illegally deprived of overtime compensation earned~~,~~ in such amounts to be determined at trial, and are entitled to recover overtime wages for all hours worked ~~in excess of~~beyond forty (40) in a workweek, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs, and other compensation pursuant to VOWA. *See* Va. Code Ann. § 40.1-29.2.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A)     A declaratory judgment that Defendant's wage practices ~~alleged~~set forth herein violate the overtime provisions of the FLSA;

(B)     A declaratory judgment that Defendant's wage practices ~~alleged~~set forth herein violate the VOWA;

(C)    An Order for injunctive relief ordering Defendant to comply with the FLSA and the VOWA, and end ~~all of~~to the illegal wage practices ~~alleged~~set forth herein;

(D)    Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)    Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the VOWA claims set forth herein;

(F)    Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment, and locations of employment of all FLSA ~~collective~~Collective and Rule 23 ~~class~~Class members;

(G)    Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective ~~and Rule 23 class members~~, including the publishing of notice in a manner that is reasonably calculated, to apprise the FLSA ~~collective~~Collective members of their rights by law to join and participate in this lawsuit~~;~~.

(H)    Designating Plaintiff as the ~~representatives~~representative of the FLSA ~~collective~~Collective and the Rule 23 ~~class~~Class in this action;

(I)    Designating the undersigned counsel as counsel for the FLSA ~~collective~~Collective and the Rule 23 Class in this action;

(J)    Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA;

(K)    Judgment for damages for all unpaid overtime wages and pre- and post-judgment interest to which Plaintiff and the Rule 23 ~~class~~Class members are lawfully entitled under the VOWA;

(L)     An incentive award for the Plaintiff for serving as the representative of the FLSA collectiveCollective and Rule 23 classClass in this action;

(M)     Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and the VOWA;

(N)     Judgment for any and all civil penalties to which Plaintiff, the FLSA Collective, and the FLSA collective and Rule 23 class membersClass may be entitled; and

(O)     Such other and further relief as to this Court may deem necessary, just, and proper.

## JURY DEMAND

Plaintiff, Tynetta Edwards, individually and on behalf of all others similarly situated, by and through her attorneys, hereby demanddemands a trial by jury pursuant to Fed. R. Civ. P. 38 with respect to the above cause.

Dated: October 21, 2025_____                                 Respectfully submitted,

_____s/ Nicholas Conlon_____

Dated: March 16, 2026March 12, 2026_____  **BROWN, LLC**

_____/s/ Achchana Ranasinghe_____

Achchana Ranasinghe (NJ Bar ID # 087282014)
Nicholas Conlon (NJ Bar ID # 34052013)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
ac@jtblawgroup.com
nicholasconlon@jtblawgroup.com

17

## GAI DISCLOSURE AND CERTIFICATION

Pursuant to the Court's General Pretrial and Trial Procedures regarding the use of Generative Artificial Intelligence, undersigned counsel hereby discloses and certifies as follows:

1.      The Generative Artificial Intelligence program used in connection with this filing was OpenAI's ChatGPT.

2.      ChatGPT was used solely to assist in drafting limited portions of the Amended Complaint and related revisions. No legal research, legal conclusions, or factual assertions relied upon in this filing were generated without independent review and verification by counsel.

3.      Any work product generated by ChatGPT was thoroughly and diligently reviewed, edited, and verified by undersigned counsel to ensure accuracy, completeness, compliance with applicable law and procedural rules, and appropriateness for filing with this Court.

Dated: March 16, 2026~~March 12, 2026~~                                  **BROWN, LLC**

                                                                    /s/ *Achchana Ranasinghe*
                                                                    Achchana Ranasinghe (NJ Bar ID # 087282014)


## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2026~~March 12, 2026~~, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Date: March 16, 2026~~March 12, 2026~~                                  **BROWN, LLC**

                                                                    /s/ *Achchana Ranasinghe*
                                                                    Achchana Ranasinghe (NJ Bar ID # 087282014)

18