**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TYNETTA EDWARDS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AVIS BUDGET CAR RENTAL, LLC<br><br>Defendant. | Civil Action No. 2:25-cv-17432 |

**RENEWED JOINT STATUS REPORT
AND REQUEST FOR EXTENSION OF STAY**

Plaintiff Tynetta Edwards ("Plaintiff") and Defendant Avis Budget Car Rental, LLC ("Defendant" or "Avis") (together, "the Parties"), by and through their undersigned counsel, and pursuant to the Court's July 6, 2026 Order, file this renewed joint request for an extension of the current stay of proceedings for 60 days to allow the Parties time to engage in informal discovery and settlement negotiations. In support of this renewed request, the Parties state as follows:

1.      On April 6, 2026, the Parties jointly requested that the Court stay the litigation to allow the Parties time to engage in informal discovery and to explore the potential for an early resolution before proceeding to dispositive motion practice. (ECF No. 24).

2. On April 7, 2026, the Court granted the Parties' joint motion and directed them to file a joint status report on or before July 6, 2026, regarding their settlement negotiations to date. (ECF No. 25).

3. On July 2, 2026, the Parties filed a joint status report updating the Court on their informal discovery and settlement discussions to date and requesting an extension of the stay by 60 days. (ECF No. 26).

4. On July 6, 2026, the Court denied the Parties' request for an extension of the stay without prejudice and directed the Parties to file a renewed joint request to extend the stay. (ECF No. 27).

5. Pursuant to the Court's July 6, 2026, order, the Parties hereby provide additional detail regarding their informal discovery and settlement efforts to date.

6. Since the stay began, the Parties have worked diligently to explore a potential resolution, including engaging in informal discovery and analyzing Defendant's time and pay records.

7. First, Defendant reviewed data to determine employees falling within the putative class definition, then gathered time and pay data for those employees to prepare a production to Plaintiffs. Defendants also pulled pay records for the named plaintiff and opt-in plaintiffs and produced those documents in informal discovery as well.

8. Because Plaintiffs allege that Defendant failed to pay them supplemental overtime related to certain bonuses, Defendant had to determine which specific employees received those bonuses, pull records reflecting the dates and amounts of each bonus paid, then determine the hours worked each week by each of those employees over the preceding year.

9. Defendant also analyzed the time and pay data to calculate potential exposure associated with Plaintiffs' claims.

10. For their part, Plaintiffs have reviewed and analyzed all the records provided by Defendant.

11. Plaintiffs have also modeled and calculated damages based upon those records.

12. On July 8, 2026, the Parties met to discuss resolving the matter.

13. During the meeting that took place on July 8, 2026, Plaintiffs conveyed a settlement demand to Defendant.

14. On July 9, 2026, Plaintiffs sent Defendant their settlement demand in writing, along with a damage model offered in support of that demand.

15. In order to allow the Parties sufficient time to continue settlement negotiations to determine if resolution is possible, the Parties respectfully request an extension of the current stay by 60 days, through September 4, 2026.

3

16. Neither Party will be prejudiced by the requested extension, which is not sought for purposes of delay. Rather, good cause exists for the requested stay, as granting the stay will serve judicial economy by allowing sufficient time for the Parties to explore potential settlement before engaging in dispositive motions practice.

17. Specifically, if the Court grants the Parties' requested extension of the current stay, the Parties will use that additional time to exchange settlement demands and offers in an effort to resolve Plaintiffs' claims before proceeding to dispositive motions practice.

18. The Parties anticipate that 60 days will be necessary to allow sufficient time for the Parties to discuss their respective calculations of the alleged damages in this case, to potentially exchange additional information in informal discovery regarding the same, and to convey settlement offers and demands to explore resolution.

19. On the other hand, without the requested extension, the Parties will proceed to dispositive motion practice, which will require the Parties to expend significant additional resources—expenditures that the Parties may be able to avoid with additional time to explore potential settlement.

20. For the reasons above, good cause exists to grant the additional stay requested by the Parties.

WHEREFORE, the Parties respectfully request that the Court extend the current stay of all proceedings and litigation deadlines by 60 days to allow the Parties time to engage in informal discovery and settlement negotiations.

Respectfully submitted this 10th day of July, 2026,


/s/ Achchana Ranasinghe (w/ permission)     /s/ William J. Anthony

Achchana Ranasinghe
NJ Bar No. 087282014
Nicholas Conlon
NJ Bar No. 34052013
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
ac@jtblawgroup.com
nicholasconlon@jtblawgroup.com


*Attorneys for Plaintiff*

William J. Anthony
NJ Bar No. 005101992
**LITTLER MENDELSON, P.C.**
900 Third Avenue
New York, NY 10022-3298
(212) 471-4404 (tel)
(212) 832-2719 (fax)
wanthony@littler.com

Katelyn W. McCombs*
PA Bar No. 323746
Sean P. Dawson**
PA Bar. No. 326085
**LITTLER MENDELSON, P.C.**
1 PPG Place, Suite 2400
Pittsburgh, PA  15222
(412) 201-7641/01 (tel)
(412) 774-2296 (fax)
kmccombs@littler.com
sdawson@littler.com

*Admitted *Pro Hac Vice*
***Pro Hac Vice* Motion Forthcoming

*Attorneys for Defendant*
*Avis Budget Car Rental, LLC*

6

## CERTIFICATE OF SERVICE

I, William J. Anthony, hereby certify that on July 10, 2026, I caused the foregoing to be served upon this Court and Plaintiff's counsel via ECF filing with the Clerk of the Court for the United States District Court for the District of New Jersey.

*s/ William J. Anthony*
William J. Anthony